FILED
JAN 2 6 2005
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| SANDRA T.-E. and RUFUS E., on their own behalf and as next friend for C.E., a minor child, <br><br> Plaintiffs, <br><br> v. <br><br> ROBERT SPERLIK, PRINCIPAL GRINDEL, and SOUTH BERWYN SCHOOL DIST. 100, <br><br> Defendants. | **05C 0473** <br><br> **JUDGE HIBBLER** <br><br> **MAGISTRATE JUDGE SCHENKIER** <br><br> JURY TRIAL DEMANDED |

## COMPLAINT

NOW COME Plaintiffs, by their attorneys, LOEVY & LOEVY, and complaining of Defendants, ROBERT SPERLIK, PRINCIPAL GRINDEL, and SOUTH BERWYN SCHOOL DISTRICT NO. 100, state as follows:

### Introduction

1. Plaintiff C.E. is one of the victims of Robert Sperlik, a teacher who recently confessed to the police to molesting multiple students, all under the age of thirteen, over a period of years. Not only did Sperlik admit to touching his pupils inappropriately, but he also admitted to having tied them up with duct tape for his sexual gratification. Local police have already discovered as many as twelve potential victims.

2. Plaintiffs seek damages for the emotional trauma wrought by this abuse, and as well as for the unconscionable failure to take reasonable steps to prevent it. Specifically, Defendant Grindel, as well as other as-yet unidentified school officials, had knowledge of Sperlik's abuses, yet not only failed

to address them, but instead actively endeavored to conceal them, thereby enabling Sperlik to continue his egregious malfeasance.

### Jurisdiction and Venue

3. This action is brought pursuant to 42 U.S.C. Section 1983 to redress the deprivation under color of law of Plaintiffs' rights as secured by the United States Constitution, as well as under Title IX of the Educational Amendments of 1972, 20 U.S.C. §§ 1681-1688, to redress the sex discrimination against C.E., a minor child.

4. This Court has jurisdiction of the action pursuant to 28 U.S.C. §§ 1331 and 1367. Venue is proper under 28 U.S.C. § 1391(b). On information and belief, all or most of the parties reside in this judicial district, and the events giving rise to the claims asserted herein all occurred within district.

### Defendant Sperlik

5. Defendant Robert Sperlik, age 45, is a resident of North Riverside.

6. For the past eighteen years, Sperlik has been employed by South Berwyn Elementary School District No. 100 (the "District"). He is one of the District's two band instructors, and has taught at six of the District's seven schools.

7. Sperlik's position as a grammar school band instructor placed him in direct and close contact with young students. Sperlik also provided one-on-one instruction to his pupils in a school office, meaning he was routinely alone with young children. The District also permitted Sperlik to instruct children in the basement of his home.

2

8. Dating at least as far back as 1999, female elementary school students have made complaints about inappropriate sexual touching by Sperlik, yet the Defendants and other as yet unidentified school officials failed to take action to deter Sperlik's abuses.

9. On or about January 17, 2005, Sperlik was charged with multiple counts of aggravated sexual abuse and kidnapping in connection with sexual assaults on at least five female students, all ages ten, eleven, and twelve.

10. These sexual assaults occurred between 1999 and 2003 while Sperlik was working at the Irving and Pershing Elementary Schools.

11. As of the date of this Complaint, twelve other students have already been interviewed, and the authorities expect additional charges against Sperlik will be filed in the coming weeks.

**Sexual Abuse of C.E.**

12. In or about 1999, when C.E. was approximately ten years old and in fourth grade at Pershing Elementary School, she asked her parents, Sandra and Rufus, if she could learn to play the clarinet. C.E.'s parents enrolled C.E. in a music class offered by the Defendant District.

13. C.E.'s music class consisted of a general class session and private tutorials in a private room at Pershing Elementary School. The lessons were taught by Defendant Sperlik.

14. Unbeknownst to C.E.'s parents, Defendant Sperlik used the private tutorial sessions to engage in sexual abuse of

3

C.E. and other girls in C.E.'s music class. This sexual abuse included molesting the girls, as well as the use of duct tape to bind them about their hands, mouths, and bodies.

15. The abuse described herein took place in a private room operated by Defendant District and utilized by Defendant Sperlik for his illicit sexual gratification.

### Concealment of C.E.'s Complaint

16. C.E. contemporaneously reported the above described sexual abuse to the school authorities; in particular she wrote and submitted a letter which was forwarded to Pershing Elementary School's principal, Defendant Grindel. This letter expressly advised that Defendant Sperlik had bound C.E. and other girls with duct tape in the private room, and that he touched the girls inappropriately.

17. After receiving C.E.'s letter, Defendant Grindel telephoned C.E.'s mother, Sandra, and falsely told Sandra that C.E. had reported only that Defendant Sperlik had inappropriately touched her knee and hair. Defendant Grindel did not share with C.E.'s parents C.E.'s letter describing the abuse in sexual terms, or any of the sexual allegations.

18. Grindel and District thereafter refused to take any genuine measures to terminate Sperlik's abuse. Instead, Defendants' falsely re-characterized the complaints as involving nonsexual, benign touching. Sperlik was subsequently reprimanded in or about 2001 and again in 2002 for "inappropriate touching." These reprimands directed Sperlik to desist from touching students further, and to keep his door open if he met with students.

4

19. District officials, however, took no other steps to prevent Sperlik from continuing his pattern of abuse, and failed to remove him from his position, where he continued to pose a danger to other children.

20. Additionally, as-yet unidentified District officials failed to bring the aforementioned student complaints, or even the reprimands, to the attention of the appropriate authorities; rather than reporting these allegations to the local police department or the Department of Child and Family Services (DCFS) as required by law given the victims' status as minors, these as-yet unidentified officials instead buried the complaints and the resulting reprimands in the District's files, where the documents remained concealed and undisclosed.

21. Moreover, at no time did the District ever notify any District parents about any of the accusations against Sperlik. By their inaction, District officials thus permitted Sperlik to continue to victimize children over a period of years.

22. The District did not remove Sperlik from the classroom, or take any other preventative steps, until January 16, 2005, the day before Sperlik's arrest on the multiple sexual assault charges. As a result of this deliberately indifferent inaction, C.E., together with other young girls, were subjected to ongoing harassment and discrimination.

### Discovery of the Abuses

23. As stated above, due to the deliberately false misinformation supplied by school officials, C.E.'s parents,

Sandra and Rufus never learned of the true nature of the abuse of C.E. back at the time it occurred.

24. It was not until roughly five years later, when C.E. had turned 15-years-old, that C.E. became mature enough to comprehend the magnitude of Defendants' concealment. On or about January 12, 2005, the now-adolescent C.E. finally informed her parents of the sexual nature of Sperlik's abuses, as well as about the contemporaneous letter she had written describing those abuses.

### Sandra and Rufus' Response

25. Upon learning for the first time that their daughter had been sexually abused, Sandra and Rufus, were horrified. They immediately contacted the police on or about January 12, 2005.

26. Upon investigation, the police credited C.E.'s account. Sperlik was arrested on January 17, 2005. He has been ordered held without bail, and has been charged with multiple counts of aggravated sexual abuse and kidnapping in connection with assaults on at least five female students, all ages 10 through 12.

27. Berwyn authorities report that they continue to interview additional potential victims on a daily basis, and they expect additional charges to be forthcoming.

### Sperlik's Confession

28. After his arrest, Sperlik confessed in writing that he touched 11 and 12-year old female students after tying and duct-taping them to desks in classrooms.

**Plaintiff's Damages**

29. Plaintiff C.E. has been traumatized and permanently affected by the sexual abuse to which Sperlik subjected her as a minor child. As a ten-year-old girl, C.E. respected Sperlik as a teacher and authority figure. By tying her up with duct tape and molesting her, Sperlik abused her trust in a most serious manner, causing substantial emotional distress.

30. C.E.'s parents have been deeply injured as well. Because they were deliberately kept ignorant of what had happened to their daughter, they now have to live with the knowledge that their daughter carried unresolved feelings of betrayal and mistrust through her childhood stemming from the fact that her parents never consoled C.E. concerning her experience, about which (unbeknownst to her) they were unaware for so many years.

**Count I -- 42 U.S.C. § 1983: Equal Protection**

31. Plaintiffs reallege and incorporate each of the paragraphs of this Complaint as if restated herein.

32. As described above, Defendants Sperlik and Grindel sexually harassed, abused, and otherwise discriminated against C.E. based on her gender.

33. Plaintiffs have been victimized based on their memberships in a certain class of individuals. Members of Plaintiffs' class were treated differently than other similarly-situated individuals.

34. The differential treatment of Plaintiffs, described in the preceding paragraphs was intentional and

7

arbitrary, motivated by nefarious and discriminatory purpose, and was not rationally-related to any governmental interest.

35. The misconduct described in this Count was undertaken by the policymakers who possessed final authority to establish municipal policy with respect to the actions ordered.

36. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

37. As a result of the above-described wrongful conduct, Plaintiffs have suffered damages, including but not limited to, mental stress and anguish.

**Count II -- 20 U.S.C. § 1681(a): Gender Discrimination**

38. Plaintiffs reallege and incorporate each of the paragraphs of this Complaint as if restated herein.

39. C.E. belongs to a protected group under Title IX.

40. As described more fully above, C.E. was subjected to sexual harassment and abuse by Defendant Sperlik. The harassment and abuse suffered by C.E. was based on her gender as described above.

41. The harassment and abuse was so pervasive that it altered the conditions of C.E.'s education.

42. At least one official of Defendant District had actual notice of Defendant Sperlik's misconduct, but was deliberately indifferent to the teacher's misconduct.

43. The official(s) of the District who had knowledge of Defendant Sperlik's misconduct had authority to institute corrective measures, but failed to do so.

### Count III - State Law Claim: Assault and Battery

44. Plaintiffs reallege and incorporate each of the paragraphs of this Complaint as if restated herein.

45. As described in the preceding paragraphs, the conduct of Defendant Sperlik, acting under color of law and within the scope of his employment, constituted unjustified and offensive physical contact, undertaken willfully and wantonly, proximately causing C.E.'s injuries.

46. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with willful indifference to C.E.'s constitutional rights.

47. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

48. As a result of the offensive touching, C.E. sustained injuries, including but not limited to a reasonable apprehension of bodily harm.

### Count IV - State Law Claim:
### Illinois Civil Rights Act - 740 ILCS § 23/5(c)(2)

49. Plaintiffs reallege and incorporate each of the paragraphs of this Complaint as if restated herein.

50. The misconduct described above is a violation of C.E.'s rights as secured by the Illinois Constitution.

51. Specifically, by sexual harassing and abusing C.E., Defendant Sperlik violated C.E.'s right to equal protection of laws. Furthermore, by sexually abusing C.E and causing her harm, Defendant Sperlik violated C.E.'s right to be secure in her

9

person against unreasonable searches, seizures, and invasions of privacy under Article I, Section 6 of the Illinois Constitution.

52. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

53. As a result of these deprivations of C.E.'s rights as secured by the Illinois Constitution, she suffered damages.

**Count V -- State Law Claim: Negligent Retention/Supervision**

54. Plaintiffs reallege and incorporate each of the paragraphs of this Complaint as if restated herein.

55. At all relevant times, Defendants knew or should have known that Sperlik was creating physical danger for Plaintiff C.E. and other fellow students.

56. Notwithstanding the knowledge referenced in the preceding Paragraph, Defendants and other school officials, refused to take any steps to prevent Sperlik from abusing District students.

57. As a direct and proximate result of Defendants' negligent supervision and retention of Sperlik, Plaintiff was damaged in that she suffered emotional distress, loss of normal life, and past and future pain.

58. At all relevant times, Defendants had a duty to properly supervise employees in such a way as to guarantee the personal safety of District students, including C.E.

59. Defendants breached the duty referenced in the preceding Paragraph in that they did not use reasonable care and caution in the retention and supervision of Sperlik.

## Count VI -- State Law Claim:

## Intentional Infliction of Emotional Distress

60. Plaintiffs reallege and incorporate each of the paragraphs of this Complaint as if restated herein.

61. As described more fully in the preceding paragraphs, Defendants engaged in extreme and outrageous conduct with respect to Plaintiffs.

62. This misconduct described in this Count was rooted in an abuse of power or authority.

63. The misconduct described in this Count was undertaken with intent or knowledge that there was a high probability that their conduct would inflict severe emotional distress and with reckless disregard of that probability.

64. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

65. As a proximate result of this misconduct, Plaintiffs suffered severe emotional distress and anguish.

WHEREFORE, Plaintiffs respectfully request that the Court enter judgment in their favor and against Defendants, awarding compensatory damages, punitive damages against the individual Defendants in their individual capacities, attorneys' fees, and any other relief this Court deems just and appropriate under the circumstances.

### JURY DEMAND

Plaintiffs hereby demand a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all issues so triable.

RESPECTFULLY SUBMITTED,

_____
Attorney for Plaintiff

Jon Loevy
Arthur Loevy
Mark Loevy-Reyes
LOEVY & LOEVY
312 North May Street
Suite 100
Chicago, IL 60607

(312) 243-5900