

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

SANDRA T.-E. AND RUFUS E., on their own behalf and as next friend for C.E., a minor child, *et al*,

    Plaintiffs

v.

ROBERT SPERLIK, *et al*

    Defendants.

No. 05 C 473

The Honorable William J. Hibbler

## MEMORANDUM OPINION AND ORDER

Robert Sperlik sexually abused a number of his female students. The Plaintiffs, several of Sperlik's victims, allege that for seven years school officials looked the other way and at least one, Principal Karen Grindle, took active steps to conceal Sperlik's criminal activity when she mischaracterized Sperlik's behavior to silence parents' alarm. As a result, the Plaintiffs have sued not only Sperlik and the South Berwyn School District, but also numerous school officials pursuant to 42 U.S.C. § 1983 and 20 U.S.C. § 1681 (Title IX of the Educational Amendments of 1972). Plaintiffs also allege various state law claims. The Defendants move to dismiss Plaintiffs' § 1983 claims, arguing that Title IX preempts them.

Section 1983 creates a cause of action against any person who violates another's federally protected rights while acting under color of law. 42 U.S.C. § 1983. A person may use § 1983 not only to assert injuries stemming from violations of constitutional rights but also those arising from violations of federal statutory rights. *See Maine v. Thiboutot*, 448 U.S. 1, 100 S. Ct. 2502, 65 L.Ed.2d 555 (1980). At the same time, however, the Supreme Court has limited the scope of § 1983.

1

One such decision, *Middlesex County Sewerage Authority v. Nat'l Sea Clammers Ass'n*, known also as the *Sea Clammers* doctrine, precludes § 1983 suits where a remedial device in a particular act is sufficiently comprehensive. 453 U.S. 1, 20, 101 S.Ct. 2615, 69 L.Ed.2d 435 (1981).

The Seventh Circuit has applied the *Sea Clammers* doctrine in cases involving § 1983 claims and Title IX claims. It first did so in *Waid v. Merrill Area Public Sch.*, holding that "a plaintiff may not claim that an instance of intentional discrimination simultaneously creates causes of action under Title IX and under § 1983 and the Equal Protection Clause of the Fourteenth Amendment." 91 F.3d 857, 862 (7th Cir. 1996). The Seventh Circuit extended the holding of *Waid* in *Boulahanis v. Board of Regents*, holding that Title IX preempted discrimination claims against individuals, despite the fact that Title IX does not provide for suits against individuals. 198 F.3d 633, 640 (7th Cir. 1999).

*Waid* and *Boulahanis* each concerned claims of sex discrimination. In *Waid*, a substitute teacher alleged that a school district discriminated against her by refusing to hire her because of her gender. *Id.* at 859-60. In *Boulahanis*, male athletes alleged that in cancelling some men's sports programs a university discriminated against them because of their gender. Clearly, the plaintiffs' allegations in both *Waid* and *Boulahanis* fell within the ambit of Title IX, which prohibits schools receiving Federal financial assistance from excluding individuals from participation in its programs or activities, denying individuals benefits or discriminating against individuals on the basis of their sex. 20 U.S.C. § 1681(a).

In two subsequent cases, the Seventh Circuit clarified that Title IX preemption does not wipe out § 1983 claims against a malefactor "whose malefaction is not a policy or practice for which the school could be held liable under Title IX." *Delgado v. Stegall*, 367 F.3d 668, 674 (7th Cir. 2004); *see also Doe v. Smith*, 470 F.3d 331, 340 (7th Cir. 2006). Nevertheless, in *Smith*, a case in which

the plaintiff alleged that district officials turned a blind eye to an administrator's sexual abuse of a student, the Seventh Circuit held that Title IX preempted the plaintiff's § 1983 claims against the district officials. *Smith*, 470 F.3d at 340. But in that case, the plaintiff had pleaded that the § 1983 violations were "based on the race and sex" of the victims. *See Doe v. Smith*, 01 C 2184, Fourth Amended Compl. ¶¶ 55-56 (C.D. Ill.). The Seventh Circuit also noted that the plaintiff's § 1983 claims against the district involved the failure to follow its sexual harassment policy "specifically with respect to African American boys." *Smith*, 470 F.3d at 340. In other words, both the complaint and the Seventh Circuit opinion recognized that the § 1983 claims of the plaintiff involved gender discrimination, something for which Title IX "provides sufficient statutory recourse." *Id.*

Here, four of the Plaintiffs' five § 1983 claims do not turn on a discriminatory animus: Count I rests upon an illegal search and seizure; Count II alleges that Defendants' actions "shock the conscience" in violation of the Fourteenth Amendment; Count III alleges a substantive due process violation; and Count V alleges that Defendants' violated Plaintiffs' constitutional rights by failing to intervene and halt an ongoing violation of which they were aware. In each claim, the Plaintiffs' explicitly plead that the Defendants' actions were *not* discriminatory. In other words, Plaintiffs do not allege that an act of "intentional discrimination" caused their § 1983 claims, as *Waid* forbids.

Plaintiffs argue that the absence of any allegation of discrimination in connection with their § 1983 claims leaves them outside the reach of Title IX's remedial powers, and therefore argue that Title IX does not preempt the claims. The Defendants argue that Plaintiffs' artful pleading does not change the fact that a single set of facts provides the basis for both their Title IX claim and their § 1983 claims, and therefore the § 1983 claims are subject to preemption.

3

Though *Smith* concerned the claims of a plaintiff who was sexually abused by a school official, the Seventh Circuit recognized the specifically pleaded discriminatory aspect to the plaintiff's § 1983 claims. *Smith*, 470 F.3d at 340. One district court in this circuit has previously grappled to resolve apparent inconsistencies between the general preemption precepts set forth in *Smith* and *Waid* and the more nuanced allegations before it. *Baumgardt v. Wasau Sch. Dist. Board of Educ.*, 475 F. Supp. 2d 800 (W.D. Wis. 2007).

The court in *Baumgardt* initially noted that the plaintiff had not brought a constitutional sex discrimination claim against the defendants. *See Baumgardt*, 475 F. Supp. 2d at 806. Instead, the court observed that the plaintiff had raised a substantive due process claim and a "class of one claim." *Id.* The court commented initially that it was "inclined to agree with plaintiffs Title IX does not preempt any constitutional claims other than those asserting discrimination on the basis of sex." *Id.* In support, the court observed that the Seventh Circuit has often observed that sexual harassment and even sexual conduct does not necessarily contain a discriminatory element. *Id.* at 807 (collecting cases); *see particularly Trautvetter v. Quick*, 916 F.2 d 1140, 1150 (7th Cir. 1990) (questioning whether sexual advances were due to plaintiff's characteristics as a woman or whether the advances were "inspired by characteristics, albeit sexual, which were personal to [the plaintiff.]"). The court further questioned what might happen to plaintiffs whose § 1983 claims were preempted but who could not prove that the schools failure to remedy the abuse occurred because of the plaintiff's gender. *Baumgardt*, 475 F. Supp. 2d at 807.

At the end of the day, however, the *Baumgardt* court held that *Smith* closed the inquiry. *Id.* at 808. According to the court, the facts in *Smith* were nearly identical to the facts in *Baumgardt* — both cases, like this case, involved a student who had been sexually molested by a school official.

4

*Id.* at 808. Although the *Baumgardt* court found that *Smith* failed to distinguish between equal protection claims and substantive due process claims and also failed to explain how a sex discrimination statute could provide a comprehensive remedy for a due process violation, it never addressed the fact that the *Smith* plaintiffs alleged, and the Seventh Circuit recognized, that their § 1983 claims were based on discriminatory treatment; the *Smith* plaintiffs alleged that their abuse (and school officials' decision to ignore it) was because of their race and gender.[1] That is not the case here.

Still, in *Waid*, the Seventh Circuit set forth the basic principle that "a plaintiff may not allege that a single set of facts leads to causes of action under both Title IX and § 1983." *Waid*, 91 F.3d at 862. *Waid*, however, made clear that it referred to § 1983 claims based upon the Equal Protection Clause of the Fourteenth Amendment, and not necessarily any and all § 1983 claims. *Id.*; *see also Brandon v. Smith*, No. 06-1315, 2008 WL 879444, at * 9 (Mar. 28, 2008) (holding that *Sea Clammers* doctrine did not preempt § 1983 claim where complaint sufficiently alleged a statutory and a constitutional claim, regardless of whether sufficient proof to support claims, when resolving motion to dismiss). Further, as the *Baumgardt* court noted, at the time of pleading, a plaintiff might not be able to tell if the abuser's choice was based upon gender or upon some individual characteristics of the victim. *Baumgardt*, 800 F. Supp. 2d at 808; *see also Trautvetter*, 916 F.2d at 1150 (not all harassment is due to a person's gender). At this stage of the litigation, it is unclear whether the acts alleged by Plaintiffs are the product of intentional discrimination, and thus subject to Title IX preemption.

---

[1] Title IX deals with gender-based discrimination. Title VI of the Civil Rights Act of 1964 prohibits race discrimination in programs receiving federal funds. *See* 42 U.S.C. § 2000d; *Doe v. Smith*, 470 F.3d 331.

5

Accordingly, the Court holds that Plaintiffs' § 1983 claim based on equal protection (Count IV) is preempted by Title IX, but that the Plaintiffs' remaining § 1983 claims, which do not turn upon allegations of discrimination either by the malefactor or by school officials, are not. The Court DISMISSES Count IV with prejudice as to all Defendants but Sperlik.

Defendants also argue that Plaintiffs fail to state § 1983 claims and move to dismiss on those grounds. With regard to Counts I and II (illegal search and seizure and substantive due process), Defendants argue that Sperlik is the sole perpetrator of the abuse, and therefore there is no basis for liability against the individual Defendants. Defendants rely heavily on *J.O. v. Alton Community Unit Sch. Dist. 11* to suggest that school officials "it is impossible to hold one person liable under § 1983 for another person's actions." *Joint Reply* at 12. *Alton*, however, does not extend so far. *Alton*, 909 F.2d at 274. Instead, *Alton* rejects the notion that school officials, "simply by virtue of their relationship to plaintiffs," are not liable under § 1983 for others' sexual abuse of students. *Id.*; *see also Kitzman-Kelly v. Warner*, 203 F.3d 454, 458 (7th Cir. 2000) (distinguishing between the special relationship doctrine and deliberate indifference).

It is true that a § 1983 plaintiff must demonstrate that the state actor was personally responsible for the constitutional deprivation. *J.H. ex rel. Higgin v. Johnson*, 346 F.3d 788, 793 (7th Cir. 2003). However, "omissions as well as actions" may serve as the basis for personal responsibility. *Yang v. Hardin*, 37 F.3d 282, 285 (7th Cir. 1994). Here, the Plaintiffs allege that Defendants *knew* of Sperlik's abuse, had the power to prevent it, and yet did nothing. That is sufficient to demonstrate that their actions make them personally responsible for the constitutional deprivations. *See Yang*, 37 F.3d at 285; *see also Higgin*, 346 F.3d at 793-5.

Plaintiffs' Count III, however, is another matter. In that Count, Plaintiffs allege that Defendants undertook a duty to protect the Plaintiffs and placed them in a dangerous situation. The Supreme Court has recognized that there are situations in which a person, by virtue of a special relationship with a plaintiff, may be liable for placing the placing a plaintiff in a dangerous situation. *DeShaney v. Winnebago County Dept. Of Soc. Servs.*, 489 U.S. 189, 201 n. 9, 109 S. Ct. 998, 103 L. Ed. 2d 249 (1989). But the Seventh Circuit has explicitly noted that school children are not in that category of potential plaintiffs. *See Alton*, 909 F.2d at 272; *Kitzman-Kelly*, 203 F.3d at 458. Therefore the Court DISMISSES Count III with prejudice as to all Defendants.

Plaintiffs' Count V requires only a short discussion. In this claim, Plaintiffs allege that the Defendants knew about Sperlik's abuse, but failed to intervene. These allegations do not, however, form a separate claim against Defendants. Instead, they merely state the basis for which Defendants are liable for the allegations in Counts I and II. The Court DISMISSES Count V, though deems the paragraphs within to be incorporated in the remainder of the Complaint.

IT IS SO ORDERED.

4/22/08
Dated

Hon. William J. Hibbler
United States District Court