IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SANDRA T.-E. AND RUFUS E., on their own behalf and as next friend for C.E., a minor child, *et al*, | ) ) ) ) | |
| Plaintiffs | ) ) | No. 05 C 473 |
| v. | ) ) | The Honorable William J. Hibbler |
| ROBERT SPERLIK, *et al* | ) ) | |
| Defendants. | ) | |

MEMORANDUM OPINION AND ORDER

After seven years and more than 900 docket entries, this vigorously litigated case approaches the end. The Plaintiffs were a group of parents suing on behalf of their children because a Berwyn public school teacher sexually molested them on the school's watch. The Defendant School District and its officials contested the Plaintiffs' claims at nearly every step of the litigation. A jury returned a verdict in favor of all the Plaintiffs. The Defendants appealed the verdict with regard to Plaintiff G.G.. The Seventh Circuit upheld the award. G.G. now seeks attorney's fees as the prevailing party on a 42 U.S.C. § 1983 claim.

A court may award the prevailing party reasonable attorney's fees as part of the costs in suits brought pursuant to 42 U.S.C. § 1983. 42 U.S.C. § 1988(b). There is no doubt that G.G. prevailed in this instance as the jury awarded her $250,000 in compensatory damages and further awarded punitive damages against Defendant Karen Grindle. Defendants contest only the amount in fees G.G. should recover.

1

The starting point for any fee calculation is the lodestar figure, which a court calculates by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). After calculating the lodestar figure, a court then must determine if that figure should be adjusted upward or downward based on a number of factors, including the results obtained. *Hensley*, 461 U.S. at 434-37.

The parties' principal dispute is over the reasonable hourly fee charged by G.G.'s counsel, James Fennerty and his associate Robert Ludemann. An hourly rate is one that is derived from the market rate for the services rendered. *Pickett v. Sheridan Health Care Ctr.*, 664 F.3d 632 (7th Cir. 2011). The fee applicant bears the burden of proving that his requested rates are in line with the community. *Id.* Once the plaintiff meets this burden, the burden shifts to the other party to demonstrate "good reason" why a lower rate should be awarded. *Id.*

G.G. requests an hourly rate of $686 for Fennerty and $349 for Ludemann. Defendants argue that rates of $275 for Fennerty and $100 to $150 for Ludemann are reasonable. G.G. supports the request by pointing tot he Laffey Matrix, a chart created by the U.S. Attorney's Office for the District of Columbia to assist in determining reasonable rates in fee-shifting cases. Defendants support their proposed rates by examining published fee awards for Fennerty and a former associates and also for counsel representing the other Plaintiffs in this case, Jon Loevy.

Courts in this District have relied on the Laffey Matrix as a factor in determining a reasonable rate. *See, e.g., Soleau v. Ill. Dep't. of Transp.*, No. 09 C 3582, 2011 WL 2415008, at *2 (N.D. Ill. Jun. 9, 2011); *Berg v. Culhane*, 09 C 5803, 2011 WL 589631, at *3 (N.D. Ill. Feb. 10, 2011). However, when courts have relied on the Laffey Matrix they have used it as one of several factors. *See, e.g., Soleau*, 2011 WL 2415008, at *2; *Berg*, 2011 L 589631, at *3. Other courts have

2

given it little weight because the Seventh Circuit has not formally adopted it and its rates appear significantly higher than those customarily charged in this District. *Thompson v. City of Chicago*, No. 07 C 1130, 2011 WL 2923694, at \*4 (N.D. Ill. Jul. 18, 2011). The Court will balance the weight it gives to the Laffey Matrix against more persuasive evidence of the customary rates charged in the City. *See Pickett*, 664 F.3d at 640 (looking to rates charged by comparable attorneys to determine reasnoable rates). In this case, Jon Loevy and his associates represented the Plaintiffs other than G.G., and his hourly rate represents a reasonable starting point to assess a reasonable rate for Fennerty.

Recently, Loevy has reported fees at an hourly rate of $395-$425. *Thompson*, 2011 WL 2923694, at \*4; *Parish v. City of Elkhart*, 2011 WL 1360810, at \*2 (N.D. Ind. 2011). Another attorney practicing in civil rights with slightly more experience than Loevy recently received attorney's fees at the rate of $425 per hour. *Thompson*, 2011 WL 2923695, at \*4. Although Loevy took the lead on this case, Fennerty has practiced law for a longer period of time that Loevy. Fennerty was admitted to practice in 1972 and Loevy in 1994. There is no question that Loevy and his associates did the bulk of the heavy-lifting in this case, taking the majority of depositions and examining the majority of witnesses. But in large part that may have been because eight of the nine Plaintiffs were represented by Loevy and not by Fennerty. Defendants make no reasonable argument why Fennerty's rate should be $150 less than the rate recently received by Loevy, particularly when Fennerty has more experience than Loevy. The Court concludes that $425 per hour is a reasonable rate for an attorney with Fennerty's experience and skill practicing civil rights litigation in Chicago.

The Court next examines the rate sought for Fennerty's associate, Ludemann. According to Defendants, in 2004 an associate with 3 years of experience was awarded an hourly rate of $185 per hour. Ludemann was a newly licensed attorney when this case began but had five years of experience when the case went to trial. All but 18 of Ludemann's 160 claimed hours were charged in 2008 or later, when he had at least two years of experience. Based on this evidence, Defendants' suggestion that $100 to $150 per hour is a reasonable rate for Ludemann is unconvincing. Rather, the Court finds that, accounting for an approximately 25% increase in the hourly rate since 2004, a reasonable rate for a civil rights' attorney with Ludemann's experience would be $225 per hour.

Defendants next raise several objections to counsel's requested hours. First, Defendants suggest that because Sperlik was not arrested until March 2005, Fennerty could not have met with his clients in December 2004. Merely because G.G. did not go to the police until March 2005 does not mean that she and her parents were not exploring their legal options prior to that date. The Court declines to discount the fees requested by G.G. on the Defendants' speculation that she did not meet with Fennerty prior to reporting Sperlik's molestation to the police.

Second, Defendants suggest that Fennerty spent too much time preparing the Complaint. Fennerty billed 6.5 hours for Complaint preparation. Defendants argue this is excessive given the fact that G.G.'s Complaint mirrors that of previously filed Complaints by the other Plaintiffs. The Court disagrees. At a minimum, Fennerty had to carefully review the previously prepared complaints and review the allegations made by G.G. to ensure that the complaint he filed complied with his obligations under Rule 11. However, Fennerty does charge for one hour of time for Complaint preparation *after* the Complaint was filed. Thus, the Court will reduce the number of hours requested by one.

4

Third, Defendants argue that Fennerty billed excessive travel time to depositions within the Loop. Fennerty agrees to eliminate travel hours within the Loop, but neither party identifies which hours those might be. The Court reviewed the travel charges made by Fennerty and found approximately ten hours of travel to and from Maywood and Berwyn to examine police records or inspect the school. According to Defendants, Fennerty charged 76.7 hours for travel, so the Court will reduce the number of hours requested by 66.7. None of the travel time requested by Ludemann appears to be outside the Loop, and the Court will reduce the requested hours by 19.

Fourth, Defendants argue that Fennerty spent excessive time reviewing correspondence. It observes that he regularly billed .2 or .3 hours per letter. Defendants attach a "sample" of letter, though have not "sampled" any letters of substantial length. Fennerty claims that some letters were longer and required note-taking, but includes no such letters. Defendants calculate that if review of all letters were reduced to .1 hours, the Court should reduce Fennerty's requested fees by 49.6 hours. The burden of demonstrating the hours charged is reasonable rests on the party requesting fees. Fennerty has presented a valid argument, but no evidence in support of it. Nevertheless, the Court believes that the Defendants' argument that any and all correspondence review would take only 6 minutes is not well grounded. Fennerty reviewed over 300 letters. Some of these letters would necessarily have had greater detail. Accordingly, the Court will reduce the amount of hours requested by 30 hours.

Defendants pick at other miscellaneous charges. They argue that Fennerty billed for review of multiple identical requests to admit or responses to requests to produce. But Fennerty should not simply assume that the requests or responses are identical and it is not unreasonable for him to carefully review each document before him. Indeed, it is prudent. Defendant objects to time

charged by Fennerty to prepare opening and closing, noting that he did not make such statements. But the fact that he did not make them did not mean he did not prepare them or that it was not useful to the client to prepare them. Similarly, reviewing discovery requests by Defendants to other Plaintiffs would help Fennerty gain insight into Defendants' trial strategy and is not a meaningless task. Defendants object to time charged for "Preparation of draft of district's motion to dismiss" and argue that he did not prepare the motion. But a careful review of Fennerty's time makes clear that he was preparing a *response* to the Defendants' motion to dismiss and the notation is merely a typographical error. The Court rejects Defendants' arguments.

Sixth, the Defendants object to Ludemann's attendance at depositions. Attorneys from Loevy's office took most of the depositions. Fennerty observed. And while one observer is useful, two are unnecessary. The Court will reduce Ludemann's fee request by 18.5 hours. Defendants also argue that Ludemann's rate should be reduced for the time spent abstracting depositions, arguing that it work that is only marginally useful or could be done by a paralegal. The Court disagrees. *See, e.g., Edwards v. Rogowski*, 06 C 3110, 2009 WL 742871, at *8 (N.D. Ill. Mar. 18, 2009) (allowing time by senior attorney abstracting depositions and noting it is often performed by junior associates); *Robinson v. City of Harvey*, No. 99 C 3696, 2004 WL 2033714, at *4 (N.D. Ill. Aug. 13, 2004) (noting that attorney would have to explain task to paralegal and end up costing more).

Finally, Defendants quibble with the time counsel spent on the appeal. Defendants suggest they spent only 28 hours researching and drafting their opening brief and Fennerty spent 33 hours preparing the response brief and that they spent only 6 hours preparing for argument while Fennerty spent 9.5 hours. Defendants point to no case law to suggest that a minimal difference in the time spent on comparable tasks should result in a reduction in fees. Moreover, Defendants neglect to

consider that Fennerty's preparations necessarily included time the Defendants did not spend, for he had to review their opening brief to prepare his response and he had to review their reply to prepare for the argument.

Summarizing the reductions, the Court finds a reduction of 97.7 hours of Fennerty's time and 37.5 hours of Ludemann's time are warranted. That does not end the Court's inquiry, as Defendants also argue the lodestar amount should be reduced. Defendants argue two principal bases for the reduction: (1) G.G. recovered less than what was asked for in closing; and (2) Loevy and not Fennerty did most of the work in the case. Merely because the dollar amount sought was less than the actual recovery does not mean that G.G. did not make a substantial recovery; nor does it warrant a reduction in the lodestar amount. *Robinson v. City of Harvey*, 489 F.3d 684, 871-72 (7th Cir. 2007) (affirming award of full lodestar amount of over $500,000 where civil rights plaintiff recovered $275,000 after seeking $670,000). It is true that Loevy took the lead in this case. But if Fennerty were Loevy's associate and not a co-Plaintiff's counsel, his work would still be compensable. Fennerty performed substantial work on this case and the Court denies Defendants' request to reduce the lodestar amount.

Defendants also contest a portion of the costs sought by counsel. Defendants object to the charge of taxi costs. 28 U.S.C. § 1920 does not allow costs for attorney's travel. *American Safety Cas. Ins. Co. v. City of Waukegan*, 07 C 1990, 2011 WL 6437535, at *7 (N.D. Ill. Dec. 20, 2011) (collecting cases). The Court will not allow these costs. Defendants further object to costs paid to Loevy and his firm. Costs for photocopies made for co-counsel are not recoverable. *DeKalb Genetics Corp. v. Pioneer Hi-Breed Int'l, Inc.*, 96 C 50240, 2002 1969666, at *2 (N.D. Ill. Aug. 25, 2002). While Fennerty may not have been reimbursing Loevy for photocopies made, he does not

7

explain the charges made by Loevy. The Court cannot conclude that they are taxable under § 1920.

Finally, Defendants object to the fee paid to an expert who did not testify at trial. These costs

likewise are not recoverable. *Rodriguez v. Ithal*, No. 02 C 7599, 2003 WL 22284202, at *3 (N.D.

Ill. Oct. 2, 2003). Accordingly, the Court reduces counsel's request for costs by $7,190.50.

     The Court awards Plaintiff G.G. $520,945 in attorneys fees ($425 x 1160.9 + $225 x 122.5)

and $14,628.85 in costs.

     IT IS SO ORDERED.


April 1, 2012
Dated

Hon. Amy J. St. Eve
U.S. District Court

8